■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered July 6, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At trial, the evidence adduced by the People established that an undercover officer purchased three vials of crack cocaine at a so-called "peephole" location in Brooklyn from an unseen person, later identified as the codefendant. To make the purchase, the undercover officer slid under a locked steel door $15 of tightly folded prerecorded "buy money" treated

with a powder which would rub off on the hands of anyone who handled it. After receiving the drugs, the undercover officer went back to his car and made a radio transmission requesting a backup team to arrest the codefendant.

While the backup team was making the arrest inside the building, the undercover officer returned to the scene and mingled with the small crowd that had gathered on the sidewalk. The defendant stood in that crowd and the undercover officer overheard a conversation between the defendant and an unidentified male. The unidentified man advised the defendant "Yo, they're hitting your spot" and the defendant responded, "Yeah, I know. I just left the broad there". The undercover officer transmitted this information by radio to the uniformed police officers inside the building. As the uniformed officers approached the defendant, he passed money and a shirt which he was holding to a woman standing next to him. The officers arrested the defendant and it was later determined that the defendant and the codefendant both had powder from the buy money on their hands.

Viewing this evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was not legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's statement and the presence of the powder from the "buy money" on his hands were not sufficient to exclude "to a moral certainty" (see, People v Benzinger, 36 NY2d 29, 32) every reasonable hypothesis of innocence since it was also consistent with the defendant's argument that he regularly purchased drugs from the codefendant at the subject premises, that he had purchased drugs therein immediately prior to his arrest, and that during that transaction he received $5 of the powdered "buy money". Accordingly, the judgment of conviction is reversed and the indictment dismissed. Mollen, P. J., Rubin, Kooper and Miller, JJ., concur.